IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. CARD PARTNER SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. |
| DREW SCOPELLITI, | : JURY TRIAL DEMANDED |
| Defendant. | : |

### DEFENDANT'S NOTICE OF REMOVAL

Now comes Defendant, Drew Scopelliti, by and through counsel, and pursuant to 28 U.S.C. § 1332 & 1446, who removes this action to the United States District Court for the District of Delaware. In support of his action, Defendant states the following:

1. Plaintiff filed its Complaint in the Superior Court of the State of Delaware in and for New Castle County on February 28, 2006. [Exhibit A].

2. Plaintiff is a citizen of the State of Delaware. Defendant is a citizen of the State of Illinois.

3. The Delaware Secretary of State was served on March 20, 2006 for Defendant pursuant to the Delaware Long-Arm Statute. Defendant received notice of service on April 13, 2006. An Answer to the Complaint in the state court has not been filed.

4. The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, which was certified by Plaintiff's attorney.

5. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1332 & 1446.

6. A copy of this notice is being filed with the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County.

**WHEREFORE**, Defendant requests that this action be removed to the District Court for the District of Delaware.

                                                    Respectfully submitted,

                                                    **RICHARD R. WIER, JR., P.A.**

                                                    /s/ Richard R. Wier, Jr.
                                                    Richard R. Wier, Jr. (#716)
                                                    Daniel W. Scialpi (#4146)
                                                    Two Mill Road, Suite 200
                                                    Wilmington, DE 19806
                                                    (302)888-3222

                                                    OF COUNSEL:
                                                    Peter Katsaros, Esq.
                                                    Hughes, Socol, Piers, Resnick & Dym
                                                    70 W. Madison, Suite 4000
                                                    Chicago, Illinois 60602

# EXHIBIT A

Case 1:06-cv-00283-JJF    Document 1    Filed 05/01/2006    Page 3 of 14

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

USC[?]D
06800

COUNTY:  [N]  K  S       CIVIL ACTION NUMBER: 06C-02-269 [handwritten]

CIVIL CASE CODE: CDEJ        CIVIL CASE TYPE: Declaratory Judgment
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| U.S. CARD PARTNER SERVICES, INC. , Plaintiff, v. DREW SCOPELLITI, Defendants. | U.S. Card Partner Services, Inc, plaintiff  DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) Complaint  NON-ARBITRATION __X__    E-Filed_____ (CERTIFICATE OF VALUE MAY BE REQUIRED)  ARBITRATION ___ MEDIATION ___ NEUTRAL ASSESSMENT ___  DEFENDANT (CIRCLE ONE)   ACCEPT   REJECT  JURY DEMAND __X__ YES _____ NO  TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)    EXPEDITED   [STANDARD]   COMPLEX |

| ATTORNEY NAME(S): Laurence V. Cronin (I.D. No. 2385)  FIRM NAME: Smith, Katzenstein & Furlow LLP ADDRESS: 800 Delaware Avenue, 7th Floor P.O. Box 410 Wilmington, DE 19899 TELEPHONE NUMBER: 302-652-8400 FAX NUMBER: 302-652-8405 E-MAIL ADDRESS: Lcronin@skfdelaware.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS _____ _____ EXPLAIN THE RELATIONSHIP(S): _____ _____ _____ OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: _____ _____ _____ (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

2006 FEB 28 PM 4:27

| | |
|---|---|
| U.S. CARD PARTNER SERVICES, INC. ) <br> 111 Sandy Drive ) <br> Newark DE 19713 ) <br>  ) <br> Plaintiff ) <br>  ) C.A. NO. _____ <br> v. ) <br>  ) <br> DREW SCOPELLITI ) <br> 4250 North Marine Drive ) <br> Chicago, Illinois 60613 ) <br>  ) <br> Defendant ) | |

## COMPLAINT AND REQUEST/DEMAND FOR JURY TRIAL, LEGAL RESCISSION, DECLARATORY JUDGMENT, AND/OR OTHER RELIEF

Plaintiff U.S. Card Partner Services, Inc. ("Plaintiff") sues Defendant Drew Scopelliti ("Defendant"), and says:

1. Plaintiff is incorporated under the laws of the State of Delaware, and, at all relevant times, has done business within the jurisdiction of this Court.

2. Venue and personal jurisdiction are proper in this Court since acts giving rise to this Complaint occurred in New Castle County, Delaware.

3. Plaintiff's primary business activity is to engage, on behalf of a certain bank (hereafter the "Bank") that issues credit cards, debit cards, and similar cards (hereafter "Cards"), in marketing, to interested businesses and institutions having employees, customers, members, or participants who are likely to use Cards, programs under which Cards bearing the trademarks of those businesses and institutions are issued by the Bank to the employees, customers, members, or participants of those businesses and institutions (hereafter such programs are referred to collectively and individually as "Card Programs" and a "Card Program," respectively).

{VKM5647.DOC}178498 v. (10390.00001)

4.　In 2004, Plaintiff was seeking to employ a qualified person as a Sales Director whose duties would generally encompass oversight of Plaintiff's efforts to market Card Programs to educational institutions and would specifically include, among other things, identifying and securing a strategic Card Program product that could be successfully marketed to educational institutions, managing subordinate sales representatives, and engaging with educational institutions in such discussions as would be necessary to persuade such institutions to enter with the Bank into agreements involving implementation of Card Programs.

5.　While in New Castle County, Delaware in 2004, Defendant communicated to Plaintiff false representations that he (Defendant) was qualified to competently perform the duties of that Sales Director position; that, if employed in that position, he would faithfully perform its duties; and that, based on his contacts, he would be able to successfully market Card Programs to certain specific institutions that were purportedly ready to implement Card Programs.

6.　In reliance on said representations, Plaintiff in approximately December, 2004 employed Defendant in the Sales Director position pursuant to an employment agreement (hereafter the "Employment Agreement") under which Defendant agreed to perform the duties of that position and Plaintiff agreed to pay Defendant compensation in return (hereafter "Compensation").

7.　During the period from approximately December 2004 to July 2005, Defendant utterly failed to competently and faithfully perform the duties of the Sales Director position and demonstrated that, at the time he communicated to Plaintiff the representations referenced in paragraph 5, he lacked the skills and the intent to competently and faithfully perform those duties. In these regards, Defendant, among other things, failed to meet minimal expectations concerning contacting prospects (i.e., educational institutions that were candidates for Card

{VKM5647.DOC}2

Programs); regularly failed to timely submit to Plaintiff, and/or input into Plaintiff's computer system, information concerning his purported marketing efforts; failed to manage, or even attempt to manage, sales representatives whom he was supposed to supervise; made an inordinate number of personal telephone calls during work hours to such persons as his girlfriend and sister; spent an inordinate amount of time engaged in personal IPOD-related activities during work hours; failed to successfully market Card Programs to certain specific institutions that, according to representations which he communicated to Plaintiff as an inducement for Plaintiff to employ him, were ready to implement Card Programs; failed to accept and implement direction given to him by Plaintiff's senior management regarding approaches to marketing Card Programs; and generally failed to exert in his job duties the level of effort reasonably expected of him by Plaintiff.

8.　　As a direct result of Defendant's false representations and failure to faithfully and competently perform the duties of his Sales Director position, Plaintiff lost revenues and profits ("hereafter the "lost revenues/profits"), of at least several hundred thousand dollars, which it would have received if Defendant had faithfully and competently performed those duties.

9.　　During the time period from approximately December 2004 to July 2005, and as a direct result of Defendant's false representations, Plaintiff paid Defendant Compensation whose value exceeded $90,000.00 and made other expenditures.

10.　　In approximately July 2005, Plaintiff terminated Defendant's employment due to Defendant's failure to competently and faithfully perform the duties of the Sales Director position.

11.　　Despite his misrepresentations and failure to faithfully and competently perform his Sales Director duties, and despite the fact that the language of the Employment Agreement does not entitle him to any Compensation for the time period while he was not faithfully and

competently performing his Sales Director duties and/or for the time period after his termination in July 2005, Defendant claims that, under the Employment Agreement or otherwise, Plaintiff owes him Compensation for, among other things, the time period after his termination.

### Count I
### (Material Misrepresentation)

12.　Plaintiff incorporates by reference, as if set forth at length, the allegations set forth in paragraphs 1 through 11.

13.　The representations of Defendant that are referenced in paragraph 5 were material misrepresentations on which Plaintiff reasonably relied to its detriment, causing Plaintiff to suffer damages in the form of, among other things, Compensation paid to Defendant and the lost revenues/profits.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant which:

A.　Awards Plaintiff damages of, at a minimum, $300,000.00 for the sum of the Compensation which Plaintiff paid to Defendant, the lost revenues/profits, and other damages.

B.　Awards Plaintiff costs, interest, and such other and further relief, including without limitation rescission if appropriate, as the interests of justice may require or allow.

### Count II
### (Material Breach of Contract)

14.　Plaintiff incorporates by reference, as if set forth at length, the allegations set forth in paragraphs 1 through 13.

15.　Defendant's failure to competently and faithfully perform the duties of the Sales Director position constitute a material breach of contract which has caused Plaintiff damages in the form of, among other things, Compensation paid to Defendant and the lost revenues/profits.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of

Plaintiff and against Defendant which:

A. Awards Plaintiff damages of, at a minimum, $300,000.00 for the sum of the Compensation which Plaintiff paid to Defendant, the lost revenues/profits, and other damages.

B. Awards Plaintiff costs, interest, and such other and further relief, including without limitation rescission if appropriate, as the interests of justice may require or allow.

## Count III
### (Legal Rescission)

16. Plaintiff incorporates by reference, as if set forth at length, the allegations set forth in paragraphs 1 through 15.

17. Defendant's material misrepresentations and material breach of contract entitle Plaintiff to legal rescission.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant which:

A. Awards Plaintiff legal rescission with respect to the Employment Agreement, including without limitation the right to the return of all monies and things of value which Plaintiff has paid to or conferred upon Defendant.

B. Awards Plaintiff costs, interest, and such other and further relief as the interests of justice may require or allow.

## Count IV
### (Declaratory Judgment Based On Defendant's False Representations And Failure To Faithfully And Competently Perform And/Or The Language Of The Employment Agreement)

18. Plaintiff incorporates by reference, as if set forth at length, the allegations set forth in paragraphs 1 through 17.

19.   The language of the Employment Agreement does not entitle Defendant to any Compensation for the time period while he was not faithfully and competently performing his Sales Director duties and/or for any time period after his termination in July 2005.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant which:

A.   Declares and adjudges, pursuant to the Delaware Declaratory Judgment Act, that the Employment Agreement does not entitle Defendant to any Compensation for the time period while he was not faithfully and competently performing his Sales Director duties and/or for any time period after his termination in July 2005.

B.   Awards Plaintiff costs, interest, and such other and further relief, including without limitation rescission if appropriate, as the interests of justice may require or allow.

Request/Demand For Jury Trial

Plaintiff respectfully requests/demand a jury trial as to all matters properly triable by jury in this action.

SMITH, KATZENSTEIN & FURLOW LLP

Of Counsel:

Paul F. Evelius
Wright, Constable & Skeen, L.L.P.
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201
(410) 659-1302

Laurence V. Cronin (ID No. 2385)
800 Delaware Ave., 7th Floor
P.O. Box 410
Wilmington, DE 19899 (courier 19899)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for Plaintiff*

February 28, 2006

{VKM5647.DOC}6

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| **U.S. CARD PARTNER SERVICES, INC.**<br>111 Sandy Drive<br>Newark DE 19713<br><br>       Plaintiff<br><br>v.<br><br>**DREW SCOPELLITI**<br>4250 North Marine Drive<br>Chicago, Illinois 60613<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF VALUE

I, Laurence V. Cronin, Esquire, attorney for the plaintiff, hereby certify in good faith at this time, in my opinion, that the damages of plaintiff are in excess of $100,000.00, exclusive of costs and interest.

SMITH KATZENSTEIN & FURLOW LLP

/s/ Laurence V. Cronin
Laurence V. Cronin (I.D. #2385)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
(302) 652-8400
Attorneys for Plaintiff

Date: February 28, 2006

VKM5652.WPD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

2006 FEB 29 PM 4:27

| | |
|---|---|
| U.S. CARD PARTNER SERVICES, INC.<br>111 Sandy Drive<br>Newark DE 19713<br><br>    Plaintiff<br><br>v.<br><br>DREW SCOPELLITI<br>4250 North Marine Drive<br>Chicago, Illinois 60613<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)    C.A. NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PRAECIPE**

To:   Prothonotary
      Superior Court of the State of Delaware
      500 N. King Street
      Wilmington, DE 19801

   **PLEASE ISSUE** the attached Summons and Complaint to the Sheriff of Kent County, State of Delaware, commanding him to summon and direct defendant Drew Scopelliti to appear and answer plaintiff's complaint filed against defendants by delivering copies of the aforesaid Complaint and Summons to the Secretary of State Delaware, as provided under the Rules of this Court and Delaware's long-arm service statute, 10 *Del.C.* § 3104, at the following address:

Drew Scopelliti
c/o Secretary of State
401 Federal St., Suite 3
Dover, DE  19901

February 28, 2006                    SMITH, KATZENSTEIN & FURLOW LLP

                                     _____
                                     Laurence V. Cronin (ID No. 2385)
                                     800 Delaware Avenue, 7th Floor
                                     P.O. Box 410
                                     Wilmington, DE 19899 (Courier 19801)
                                     Telephone: 302-652-8400
                                     Telecopy: 302-652-8405
                                     *Attorneys for plaintiff U.S. Card Partner Services, Inc.*

VKM5651.WPD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| U.S. CARD PARTNER SERVICES, INC.<br>111 Sandy Drive<br>Newark DE 19713<br><br>Plaintiff<br><br>v.<br><br>DREW SCOPELLITI<br>4250 North Marine Drive<br>Chicago, Illinois 60613<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)   06C-02-269 JRS<br>)   C.A. NO. _____<br>)<br>)<br>)<br>)<br>)<br>)   RECEIVED<br>)<br>)   MAR 20 2006<br>)      940<br>     Secretary of State |

## SUMMONS

THE STATE OF DELAWARE, KENT
TO THE SHERIFF OF ~~NEW CASTLE~~ COUNTY:
YOU ARE COMMANDED:

To summon the above named defendant, so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Laurence V. Cronin, plaintiff's attorney, whose address is 800 Delaware Avenue, P.O. Box 410, Wilmington, Delaware 19899, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 3/10/06

SHARON [signature]
Prothonotary
Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

SHARON [signature]
Prothonotary
Per Deputy

Rev 5/91-1
VKM5650.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. CARD PARTNER SERVICES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. |
| : | |
| DREW SCOPELLITI, : | JURY TRIAL DEMANDED |
| : | |
| Defendant. : | |

### CERTIFICATE OF SERVICE

I certify that on this 1st day of May 2006, a copy of the attached Notice of Removal was served BY HAND on:

Laurence V. Cronin, Esq.
Smith Katzenstein & Furlow LLP
800 Delaware Ave., 7th Floor
Wilmington, DE 19899

RICHARD R. WIER, JR., P.A.

/s/ Richard R. Wier
_____
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222

```
JS 44
(Rev. 12/96)
```
Case 1:06-cv-00283-JJF   Document 1-2   Filed 05/01/2006   Page 1 of 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
U.S. Card Partner Services, Inc.

**DEFENDANTS**
Drew Scopelliti

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Laurence V. Cronin
Smith Katzenstein & Furlow

ATTORNEYS (IF KNOWN)
Richard R. Wier, Jr.
Richard R. Wier, Jr., P.A.

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity, 28 U.S.C. § 1332 & 1446

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  5/1/06

SIGNATURE OF ATTORNEY OF RECORD
Richard R. Wier

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 2 8 3_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

MAY 0 1 2006
(Date forms issued)

_____
(Signature of Party or their Representative)

Robert McFadden
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action